KENDALL & al. *versus* FOLSOM, *administrator.*

The Act of 1850, chap. 159, amendatory of R. S. chap. 125, giving liens upon buildings, was prospective only in its operation.  The enlargement which it gave to the rights of lien creditors cannot aid a plaintiff, who, prior to its passage, had attached to secure his lien.

ON FACTS AGREED.

ASSUMPSIT, to recover for materials furnished in June, 1849, to the defendant's intestate, for the building of a chain factory on land, leased to the intestate by a third person.

. The factory building was attached to secure the lien, allowed by law, and within the ninety days prescribed by law.

The estate was decreed insolvent, and the administrator sold the factory for the payment of debts by order of the Probate Court in Dec. 1849.

*Tallman*, for the plaintiffs.

A lien was given by R. S. chap. 125.  It was, however, decided in 28 Maine, 511, *Severance* v. *Hammett*, that the lien preference is vacated by the death and represented insolvency of the debtor.  But by the Act of 1850, chap. 159, the lien was made to subsist, notwithstanding such death and insolvency.  This statute being in addition to the former Act, had a retrospective effect, and gave validity to the lien claimed by the plaintiff.  It merely remedied an admitted defect, and

reached back so as to perfect the law from the passage of the first Act.

By the Court, SHEPLEY, C. J., TENNEY, HOWARD and APPLETON, J. J. —

The Act of 1850, could only act prospectively. It cannot enlarge or aid the lien rights of the plaintiffs, which had accrued prior to its passage.                    *Plaintiffs nonsuit.*

*Merrill,* for the defendant.